UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO HOSTOS,
                         Plaintiff,

-v-

3225 REALTY CORPORATION and
MARINA SMIKUN,
                         Defendants.

17-CV-5989 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Julio Hostos alleges that Defendants violated his rights to a reasonable accommodation for his disability under the Fair Housing Amendments Act ("FHAA") and the New York State and New York City Human Rights Laws. Defendants move for summary judgment. For the reasons that follow, the motion is denied.

**I.    Background**

The following facts are drawn from the parties' Rule 56.1 statements, and are not subject to a genuine dispute unless otherwise noted.

Defendants own a walk-up residential apartment building in the Bronx ("the Property"). (Dkt. No. 53 ("CSOF") ¶ 1.) Plaintiff Julio Hostos is a tenant at the Property. (CSOF ¶ 34.) According to his declaration, Hostos lives in a third-floor apartment with his roommate, Roxanne Artuz, and her granddaughter.[1] (Dkt. No. 51-9 ¶¶ 1–3.) Hostos suffers from disabilities including arthritis, deep vein thrombosis, hypertension, asthma, obesity, back pain, and mood

---

[1] Although Hostos's declaration actually states that he lives on the fourth floor, Hostos previously testified that he "live[s] on the third floor," but that "it seems like . . . the fourth floor because from the street level to the door it's almost a flight of stairs just to get into the building." (Dkt. No. 45 at 26.).

1

disorder. (CSOF ¶ 74.) These disabilities make it difficult and dangerous for him to walk up and down the stairs. (CSOF ¶ 73.)[2]

Hostos requested a reasonable accommodation of his disability in a letter dated August 12, 2016; the parties dispute whether he made any other prior requests. (CSOF ¶ 46.) Due to his difficulty climbing up and down the three flights of stairs to his apartment, Hostos sought to move to an apartment on a lower floor. (Dkt. No. 51-3 at 6.)

At some point—the parties dispute the year—Defendants decided to convert all of the ground floor apartments into commercial space. (CSOF ¶ 3.) The ground-floor tenants moved out, and Defendants kept the units vacant. (CSOF ¶¶ 7–10.) Defendants hired an architect, who drafted plans in 2016 to convert the apartments into commercial space. (CSOF ¶ 13.) Defendants demolished the interior of the ground floor and were granted a permit to begin converting it to commercial use. (CSOF ¶¶ 24–26.) Currently, no residential apartments exist on the ground floor. (CSOF ¶ 56.)

In August 2017, Plaintiff filed this suit, alleging disability discrimination under federal, state, and municipal law. (Dkt. No. 1.) Plaintiff later moved for a temporary restraining order and preliminary injunction preventing Defendants from renting any "rent-stabilized apartments on the ground floor" of the Property. (Dkt. No. 14-1 at 5.) After an evidentiary hearing, the Court denied the motion for a preliminary injunction. (Dkt. No. 36.) Plaintiff filed an amended complaint on December 6, 2017. (Dkt No. 42.) Defendants now move for summary judgment.

---

[2] Defendants dispute the extent of Hostos's disability, claiming to have observed him "climbing the stairs unaided and without substantial difficulty on many occasions." (CSOF ¶ 39.)

**II.     Legal Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12 Civ. 5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014) (citing Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 250–51). The court views all "evidence in the light most favorable to the non-moving party," and summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (second quoting *Lunds, Inc. v. Chem. Bank*, 870 F.2d 840, 844 (2d Cir. 1989)).

**III.    Discussion**

Federal law prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). "[P]rohibited discrimination encompasses 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal

opportunity to use and enjoy a dwelling.'" *Picaro v. Pelham 1135 LLC*, No. 14 Civ. 7398, 2014 WL 4678265, at *2 (S.D.N.Y. Sept. 19, 2014) (quoting 42 U.S.C. § 3604(f)(3)(B)). "To make out a claim of discrimination based on failure to reasonably accommodate in the housing context, 'a plaintiff must demonstrate that: (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Id.* (quoting *Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341, 345 (E.D.N.Y. 2005)).[3]

"[T]he crux of a reasonable-accommodation . . . claim typically will be the question of reasonableness." *Austin v. Town of Farmington*, 826 F.3d 622, 629–30 (2d Cir. 2016) (alterations in original) (quoting *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014)). "A requested accommodation is reasonable where the cost is modest and it does not pose an undue hardship or substantial burden on the [landlord]." *Id.* at 630. "Reasonableness analysis is 'highly fact-specific, requiring a case-by-case determination'" and "a complex balancing of factors." *Id.* (quoting *Hovsons, Inc. v. Twp. of Brick*, 89 F.3d 1096, 1104 (3d Cir. 1996)).

Reasonable accommodation claims under the New York State Human Rights Law are governed by the same legal standard as federal claims. *See Scalera v. Electrograph Sys., Inc.*,

---

[3] As explained in *Picaro*, "the Court uses the terms 'disability' and 'disabled,' except when referring to the FHAA's statutory language, which uses 'handicap' and 'handicapped.'" 2014 WL 4678265, at *2 n.2; *see also Helen D. v. DiDario*, 46 F.3d 325, 330 n.8 (3d Cir. 1995) ("The change in nomenclature from 'handicap' [in the Rehabilitation Act] to 'disability' [in the Americans With Disabilities Act] reflects Congress' awareness that individuals with disabilities find the term 'handicapped' objectionable.").

4

848 F. Supp. 2d 352, 359 n.4 (E.D.N.Y. 2012).[4] However, "[t]he standard for a reasonable accommodation is higher (from the landlord's perspective) under New York City law": an accommodation is reasonable under the city's Human Rights Law "if it 'can be made' and 'shall not cause undue hardship in the conduct of the landlord's business. The landlord shall have the burden of proving undue hardship.'" *Picaro*, 2014 WL 4678265, at *3 (quoting N.Y.C. Admin. Code § 8–102(18)). "[U]ndue hardship is measured in relation to the needs of the plaintiff and the specific circumstances of the defendant." *Id.*

Defendants argue that they are entitled to summary judgment because Plaintiff's requested accommodations were unreasonable as a matter of law. In addition, Defendants contend that Plaintiff should be judicially estopped from claiming that he requested any apartment other than a ground floor apartment (e.g., a first floor apartment).

### A.  Defendants' Summary Judgment Motion and the Status of Discovery

Defendants' main argument is that the Court has already determined that Plaintiff's accommodation request for a ground floor apartment is unreasonable. (*See* Dkt. No. 41 at 7.) It is true that the Court previously denied Plaintiff's motion for a preliminary injunction "because [he] ha[d] not demonstrated a likelihood that this particular requested accommodation (i.e., reconstruction of a ground floor residential apartment) would be 'reasonable' under the circumstances," in light of the construction costs and opportunity costs to Defendants. (Dkt. No. 36 at 3.) But that does not automatically entail summary judgment in Defendant's favor on the question of reasonableness: On the preliminary injunction motion, Plaintiff bore an affirmative burden to demonstrate likelihood of success on the merits or sufficiently serious questions going

---

[4] It is also worth noting that "the standards for discrimination against the disabled are interpreted similarly in the [Americans with Disabilities Act] and FHAA." *Picaro*, 2014 WL 4678265, at *2 n.2.

5

to the merits by a preponderance of the evidence. *See AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). In contrast, on this summary judgment motion, Defendants bear the burden to demonstrate the absence of a genuine dispute of material fact. To survive summary judgment, Plaintiffs need only "identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Clopay*, 2014 WL 4652548, at *3.

For that reason, despite Defendants' success in opposing the preliminary injunction motion, their summary judgment motion is premature under Rule 56(d). While Federal Rule of Civil Procedure 56 allows a party to move for summary judgment before discovery is complete, such a motion is successful "only in the rarest of cases" because "the nonmoving party must have had the opportunity to discover information that is essential to its opposition to the motion for summary judgment." *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 492–93 (S.D.N.Y. 2015) (brackets omitted) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)). As directed by Rule 56(d), Plaintiff has submitted affidavits by his counsel and himself, as well as a counter-statement to Defendants' Rule 56.1 Statement, identifying areas of discovery necessary to adequately respond to Defendants' factual representations regarding numerous key issues. (Dkt. No. 51 ¶¶ 6–8; Dkt. 51-9 ¶¶ 12, 15; CSOF ¶¶ 65–68.) For example, Plaintiff requests discovery on the amount of money Defendants have already invested into converting the ground floor to commercial space. (Dkt. No. 53 ¶¶ 28, 55.) Moreover, Plaintiff disputes Defendants' estimates of the costs of constructing a residential apartment on the ground floor. (Dkt. No. 53 ¶¶ 58–61.) Under Rule 56(d), Plaintiff is entitled to the opportunity to further develop a factual record on these questions, which bear directly on the reasonableness of his requested accommodation.

The issue of reasonableness is particularly ill-suited to pre-discovery resolution "because the relevant factors are numerous and balancing them requires a full evidentiary record." *Austin*, 826 F.3d at 630. Summary judgment is therefore denied, without prejudice to renewal, on the reasonableness of Plaintiff's August 2016 request for a ground floor apartment.

Moreover, even if Defendants had met their burden to establish that such an accommodation would be unreasonable in August 2016, given their investment and progress toward converting the ground floor to commercial space, genuine disputes of fact preclude summary judgment as to whether Hostos's accommodation request was unreasonable at the time it was made. *See Bryant Woods Inn, Inc. v. Howard Cty., Md.*, 124 F.3d 597, 602 (4th Cir. 1997) ("Under the Fair Housing Act . . . a violation occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings."). First, there is a genuine dispute of fact as to when Plaintiff first requested an apartment on a lower floor. (*See* Dkt. No. 53 ¶¶ 89, 93–94.) Second, Defendants own at least one other property. (*See* CSOF ¶ 65.) Plaintiffs are entitled to discovery as to whether an apartment on a lower floor ever became available in the Property, or any other building owned by Defendants, after Plaintiff made his initial reasonable accommodation request. This is not an exhaustive list of the relevant genuine disputes of fact that remain. (*See* Dkt. No. 52 at 12–13.)

Finally, the Court rejects Defendants' position that the only issue in this case is whether it would be reasonable to provided Plaintiff with a *ground floor* apartment. (*See* Dkt. No. 54 at 5.) Defendants contend that Plaintiff never requested any other accommodation before filing suit. But the record clearly reflects that in August 2016, approximately one year before this case was filed, Plaintiff's counsel sent a letter to Alex Smikun, Defendant Smikun's deceased husband,

7

requesting an accommodation of a "one bedroom apartment on the *first floor*."[5] (Dkt. No. 51-3 (emphasis added).) At the very least, a factual dispute exists as to whether (and when) Plaintiff's accommodation requests included an apartment on any floor below the third.

And even if the original complaint was about a request for a ground-floor apartment only, the operative complaint makes broader allegations. The amended complaint (Dkt. No. 42), which supersedes the original complaint, *see Benavidez v. Piramides Mayas Inc.*, No. 09 Civ. 5076, 2013 WL 1627947, at *5 (S.D.N.Y. Apr. 16, 2013), adds allegations "that Defendants violated the FHA as well as the State and City Human Rights Laws by failing to offer him an apartment on *any floor* lower than the floor on which he currently resides." (Dkt No. 52 at 5 ("Pls. Br.") (emphasis added); *see also* Dkt. No. 42 ("Am. Compl.") ¶ 39 ("[A]fter Defendants received several of Mr. Hostos' reasonable accommodation requests and ignored them, a vacant apartment on a lower floor than Plaintiff's apartment was available to accommodate him.").) Contrary to Defendants' argument, the omission of these allegations from the first complaint does not preclude Plaintiff from making them in his superseding complaint. *See Barris v. Hamilton*, No. 96 Civ. 9541, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999) ("While there may be a rare occasion to disregard the contradictory and manipulated allegations of an amended pleading, the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course.") (citation omitted). The fact that the original complaint focused on Plaintiff's requests for a ground floor apartment is not inconsistent with the allegations in the amended complaint regarding his requests for a first-floor apartment.

---

[5] The "ground floor" of the Property is at street level, while the "first floor" of the Property is one flight up from street level. (Dkt. No. 51-1 at 5.)

### B. Judicial Estoppel

For similar reasons, the Court denies Defendants' request to judicially estop Plaintiff from alleging that Defendants denied his requests for apartments on floors other than the ground floor. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). "[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion,'" which is "intended to prevent 'improper use of judicial machinery.'" *Id.* at 750 (first quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990); second quoting *Konstantinidis v. Chen*, 626 F.2d 933, 938 (D.C. Cir. 1980)). "[I]n evaluating whether to apply the doctrine of judicial estoppel, courts generally look for the existence of three factors: "(1) that a party's new position is 'clearly inconsistent' with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party 'would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 750–51).

Judicial estoppel is not warranted here. To be sure, in support of his application for a preliminary injunction regarding the ground floor, Plaintiff zealously argued that a ground floor accommodation was absolutely essential. But as the Court previously noted, Plaintiff "verbally expanded [his] request for preliminary relief to include an injunction against renting . . . any first floor apartments, should any become available, to any individuals besides plaintiffs during the pendency of this litigation." (Dkt. No. 36 at 2.) This request was denied as moot based on Defendants' representation that they "would offer Plaintiffs a 'right of first refusal' as to any first floor apartment that becomes available during the pendency of this litigation." (*Id.*)

In sum, none of the elements of judicial estoppel is satisfied: (1) there is nothing about Plaintiff's current litigation position that is "clearly inconsistent" with his prior position; (2) Plaintiff did not previously persuade the court to accept its earlier position (in fact, his preliminary injunction motion was denied); and (3) Plaintiff has derived no unfair advantage from amending his complaint to include allegations regarding first-floor apartments.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED, without prejudice to renewal after the completion of discovery.[6]

Counsel for the parties are directed to appear for a status conference on August 3, 2018, at 11:15 a.m.

The Clerk of Court is directed to close the motion at Docket Number 41.

SO ORDERED.

Dated: July 25, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[6] Defendants' motion for summary judgment as to former Plaintiff Roxanne Artuz is denied as moot, as her claims were previously dismissed. (Dkt. No. 44.)